UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Clare Yager,

                        Plaintiff,

vs.                                       **COMPLAINT**

County of Erie, and Brian Fiume, Associate
Deputy Comptroller,

                        Defendants.

Plaintiff Clare Yager ("Plaintiff" or "Ms. Yager") Brings the following complaint:

## PARTIES

1. The Plaintiff, Clare Yager, is a natural person with a place of residence at 3260 Seneca St., # 10, Apt. 10, West Seneca, NY 14224

2. Defendant Eire County ("Defendant" or "the County"), is a public corporate entity with offices located at 95 Franklin St. Buffalo, NY 14202.

3. Brian Fiume is a natural person who works for Defendant Erie County and is herein sued in his official and individual capacity.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and as conferred by 42 U.S.C. §1983.

1

5. Defendants are subject to the jurisdiction of this Court and venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) as the acts and omissions giving rise to the claims in this complaint occurred within the Western District of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff has exhausted administrative remedies prerequisite to bringing this claim as follows:

7. On February 28, 2020, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC assigned a charge number as 525-2020-00839.

8. Subsequently, the EEOC mailed Plaintiff a 'Right to Sue' letter proving that she has exhausted his administrative remedies under Title VII.

9. This right to sue letter was received by Plaintiff's attorneys on October 23, 2020.

## FACTUAL BACKGROUND

10. During the relevant time Ms. Yager worked for defendant Erie County as a data processor.

11. Ms. Yager had been performing her duties for over 12 years.

12. In or about June 2018 Ms. Yager suffered a workplace injury resulting in multiple herniated discs.

13. These injuries constitute a disability under the ADA.

14. Ms. Yager is over 40 years of age.

15. Ms. Yager thereafter went out on Workmen's Compensation for treatment and to recover from her injury.

16. On or about November 19, 2018 Ms. Yager was informed by her physician that she could return to work with reasonable accommodations.

17. These reasonable accommodations included:

    a. a standup desk,

    b. lifting 10 pounds maximum

    c. returning to work with a graduated part time schedule starting at 20 hours per week and moving to 40 hours per week over a five-week period.

18. Defendant Erie County, refused to provide these accommodations.

19. Defendant Erie County, further refused to allow Ms. Yager to return to work with any limitations.

20. Ms. Yager complained multiple times about this discrimination against her on the basis of her disability.

21. Defendant Erie County informed Ms. Yager by letter that "there is no reasonable accommodation."

22. Subsequently, on or about June 2019, defendant terminated Ms. Yager's employment.

23. Ms. Yager was not provided with a pre-termination hearing.

***

## FIRST CAUSE OF ACTION

## Violation of the ADEA

24. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

25. The *prima facie* elements of discrimination claims under ADEA are "not onerous."[1] A plaintiff may make out a *prima facie* case with either circumstantial or direct evidence of discriminatory intent.[2] Circumstantial evidence is by far the most common. A plaintiff making out a *prima facie* case of discrimination with circumstantial evidence must 1) identify a protected class, 2) identify an adverse action, 3) show that a) Complainant was qualified for the job and b) that the work still being performed.[3]

**Element 1) Protected Classes**

26. Ms. Yager is over 40 years of age.

**Element 2) Adverse Actions**

27. Defendant Erie County terminated Ms. Yager's employment.

**Element 3 (a) Plaintiff was Qualified for the Jobs Held and Applied for**

28. Ms. Yager has the requisite qualifications for her position as data processer.

29. Ms. Yager has been performing her work for over 12 years.

**Element 3 (b) Work was Still Being Performed**

30. Upon information and belief, Ms. Yaeger's duties are still being performed.

---

[1] Texas Dept. of Community Affairs v Burdine, 450 US 248, 253 [1981]
[2] Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002), *citing Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121 (1985).
[3] McDonnell Douglas Corp. v Green, 411 US 792, 802 [1973], *see also Young v. UPS*, 135 S.Ct. 1338 (2015).

4

31. It is well settled law articulated by the Supreme Court that these elements raise an inference of discriminatory intent on the basis of age. In addition, there is additional evidence of age bias.

**Additional Evidence of Age Bias**

32. Ms. Yager heard the secretary of the Comptroller state "can't wait to we get all the old people out of here."

## SECOND CAUSE OF ACTION

## Violation of the ADA

33. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

34. The *prima facie* elements of discrimination claims under the ADA are "not onerous."[4] A plaintiff may make out a *prima facie* case with either circumstantial or direct evidence of discriminatory intent.[5] Circumstantial evidence is by far the most common. A plaintiff making out a *prima facie* case of discrimination with circumstantial evidence must 1) identify a protected class, 2) identify an adverse action, 3) show that a) Complainant was qualified for the job and b) that the work still being performed.[6]

**Element 1) Protected Classes**

35. Ms. Yager has a disability, including multiple herniated discs.

36. On or about November 19, 2018 Ms. Yager requested reasonable accommodations including:

   a. a standup desk,

---

[4] Texas Dept. of Community Affairs v Burdine, 450 US 248, 253 [1981]
[5] Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002), *citing Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121 (1985).
[6] McDonnell Douglas Corp. v Green, 411 US 792, 802 [1973], *see also Young v. UPS*, 135 S.Ct. 1338 (2015).

    b. lifting 10 pounds maximum

    c. returning to work with a graduated part time schedule starting at 20 hours per week and moving to 40 hours per week over a five-week period.

**Element 2) Adverse Actions**

37. Respondent has unilaterally terminated Ms. Yager's employment.

38. Respondent told Ms. Yager by letter that "there is no reasonable accommodation."

**Element 3 (a) Complainant was Qualified for the Jobs Held and Applied for**

39. Ms. Yager has the requisite qualifications for her position as data processer.

40. Ms. Yager has been performing her work for over 12 years.

**Element 3 (b) Work was Still Being Performed**

41. Upon information and belief, Ms. Yaeger's duties are still being performed

42. It is well settled law articulated by the Supreme Court that these elements raise an inference of discriminatory intent on the basis of age. In addition, there is additional evidence of age bias.

**Additional Evidence of Discriminatory Age Bias**

43. Ms. Yager was told by one of her supervisors "I don't want anyone with a disability working for me."

44. Upon information and belief, the county Comptroller has stated that he wants to audit all employees out on workers compensation.

45. Deputy Comptroller told Ms. Yager, "there's no promotions or upgrades for people like you."

## THIRD CAUSE OF ACTION

### Retaliation in violation of ADA and the ADEA

46. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

47. The *prima facie* elements of retaliation claims are "not onerous."[7]  A plaintiff may make out a *prima facie* case with either circumstantial or direct evidence of retaliatory intent.[8] Circumstantial evidence is by far the most common. A plaintiff making out a *prima facie* case of discrimination with circumstantial evidence must 1) identify protected activity, 2) identify a dissuasive action[9] 3) offer evidence that the dissuasive action was because of the protected activity.[10]

**Protected Activity**

48. Ms. Yager made multiple complaints to various officers and union officials of defendant Erie County about discrimination on the basis of her disability.

49. Ms. Yager's request for reasonable accommodation also constitute protected activity.

50. In addition, Ms. Yager had made a previous complaint of discrimination was settled in approximately 2017.

51. This previous complaint of discrimination also counts as protected activity.

**Materially Adverse Action**

52. defendants, subsequent to these protected activities, terminated Ms. Yager's employment.

---

[7] Texas Dept. of Community Affairs v Burdine, 450 US 248, 253 [1981]
[8] Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002), *citing Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121 (1985).
[9] Burlington Northern & Santa Fe Railway Co., v. White, 126 S.Ct. 2405, 2407 (2006).
[10] Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002).

7

**Inference of Retaliatory Intent**

53. As described above, because Ms. Yager was qualified for her job and her work is still being performed, the Supreme Court is unequivocally stated that a jury may reasonably infer a retaliatory intent based on this prima facie case.

54. In addition, Ms. Yager was told by one of her supervisors "I don't want anyone with a disability working for me."

55. Upon information and belief, the county Comptroller has stated that he wants to audit all employees out on workers compensation.

56. Deputy Comptroller told Ms. Yager, "there's no promotions or upgrades for people like you."

57. These facts all support the inference that defendants were seeking to terminate Ms. Yager and anyone else demonstrated a disability in their department or asked for accommodations.

## FOURTH CAUSE OF ACTION

### Discrimination and Retaliation in violation of the NYS HRL

58. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

59. It is well settled that the New York State Human Rights Law offers much the same protections as the ADA and ADEA and is analytically identical to those statutes.

## FIFTH CAUSE OF ACTION

### §1983 Violation of Due Process

60. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

61. In order to establish a violation of §1983, "two-and only two-allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923, 64 L. Ed. 2d 572 (1980).

62. Defendant Erie County is a public employer.

63. Defendant Fiume is a public officer employed by Erie County and therefore an officer of the state.

64. As such, both Defendant's actions were under color of law.

65. "The Constitution prohibits deprivations of [property] *without due process*. The denial of a constitutionally-sound pre deprivation hearing is a separate and distinct injury from the loss of [property]." *Patterson v Coughlin*, 761 F2d 886, 892 [2d Cir 1985] *emphasis in original*.

66. Ms. Yager has a property interest in her civil service appointment as a data processor for Erie County.

67. Defendants denied Ms. Yager due process under the laws when Mr. Fiume terminated Ms. Yager's employment.

68. Defendant did not provide Ms. Yager with a pre deprivation hearing before terminating her employment.

69. This is a violation of due process.

70. In addition, defendant's actions were arbitrary and capricious and that they refused to allow his Yager to return to work with any limitations, rather than providing reasonable accommodations as they were obligated to under the law.

71. This is also a violation of due process.

72. As a result of Defendants' actions, Ms. Yager experienced loss of income, fear, anxiety, severe humiliation, shame, embarrassment, emotional pain and suffering, loss of savings, and loss of enjoyment of life.

**WHEREFORE**, Ms. Yager respectfully requests this Court to enter an Order.

A. Awarding Ms. Yager past lost wages and benefits in an amount to be determined at trial;

B. Awarding Ms. Yager damages for her pain, suffering, loss of enjoyment of life, humiliation and other injuries in an amount to be determined at trial;

C. Directing Defendants pay all unreimbursed medical costs incurred by Ms. Yager as a result of the stress and anxiety resulting from the discrimination he suffered and the hostile working conditions he endured, including diagnostic analysis, treatment and therapy, and follow up therapy;

D. Defendants pay Ms. Yager the costs of this action, together with reasonable attorneys' fees and disbursements;

E. Defendants to reinstate Ms. Yager to the payroll in her former title and workload;

F. Defendants to reinstate Ms. Yager's pension and health care status;

F. Ms. Yager to have such other and further relief as this Court deems just and equitable.

*****

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) Fed. R. Civ. P., Plaintiff hereby demands a trial by jury for all issues triable of right by a jury in this case.

Dated: January 14, 2021
       Buffalo, New York

Respectfully submitted,
Plaintiff Ms. Yager by his Attorneys

THE LAW OFFICE OF LINDY KORN PLLC

*/s/ Lindy Korn*
_____

Lindy Korn, Esq.
Richard J. Perry, Esq.
*Attorneys for Plaintiff*
Electric Tower
535 Washington Street, Ninth Floor
Buffalo, New York 14203
Telephone: (716) 856-5676
Facsimile: (716) 507-8475
lkorn@lkorn-law.com
khovaros@yahoo.com